We'll hear argument next in the Chase Construction Service versus Argonaut Insurance Company, 211748. Forcefully argued by both sides. I enjoyed it. Thank you, Your Honor. Hold on a second, sir. Mr. Flansburg. Please proceed. May it please the court, Your Honor. Chad Flansburg from Phillips Lytle, representing the defendant, appellant in this case, Argo Insurance Company. Your Honor, this is a case where Argo's removal rights have been abridged and taken away. Right now, the case sits in Monroe County in the same position it was when this action was commenced on July 20th, 2020. Well, look, all that's well and good, but I guess the issue is, I mean, do we get to pass on this? And so, we have a district court that remanded ostensibly under 1447. But under what really appears to be an abstention analysis. And so it seems that the question is, can an appellate court review that by looking at what the court actually did, as opposed to what the court said it was doing, or what statutory provision the court cited. You seem to be focused primarily on whether 1447E still allows you to come strolling into federal court for a review. And I guess we haven't passed on that, but every other court that has has said you don't. So I guess I'm trying to puzzle out. You seem to be passing on the stronger argument to make what looks like not a winner. Your Honor, just briefly, when it comes to the abstention argument, Your Honor, I believe the Quackenbush v. Allstate case provides that as long as the rubric of the 1447E analysis made by the court was done in that the remand was not because of a defect in the petition or a original jurisdiction issue, then this court does have jurisdiction to hear this matter. You're saying, and that there are some cases of our court where we have reviewed where it is in a situation where there was abstention, that an attempt to abstain by remanding was taking place. You say that Quackenbush in cases of our court say we have jurisdiction. Yes, Your Honor. And you cite us some cases? Yes, we cite the Quackenbush v. Allstate Insurance Company, that's a US Supreme Court case, Your Honor. Carvel is the case you cite, I think. Yes, Your Honor. Yeah, our case is Carvel. Yes. Yeah, there's some language in a recent opinion of this court that suggests otherwise, but it's dicta. I mean, there's some language that says, unless it is, but it is, yeah. Go ahead. In Your Honor, whether it's a abstention argument, I would submit that that was not what the court clearly wrote in its decision. The decision was that 1447E provides for a right to remand where there is the interest of Justice Rulebrick. And as we've cited in our brief, any plain interpretation of 1447E does not permit that analysis, Your Honor. Now, opposing sides suggest that because they want to join a party that has an in rem, that that might deprive our court of jurisdiction. Is that true? Well, Your Honor, fortunately in this case, what remains is a breach of contract cause of action. In the, what I call the Interfab lawsuit.  I mean, my question is, if there were a remand to join, and let's for a moment worry about whether it's a necessary or not necessary party. With in rem jurisdiction, would that deprive us of jurisdiction? I think that yes, it would. But you say that is not the case because this is a contract action and that that is not a case because there is no such party that is a necessary party. And that if it isn't a necessary party, then we're right back to where we were. Yes, Your Honor. But you do concede that if it really were that, then a remand in the same, for the same reason that a remand to join a necessary party that would destroy diversity would be something that could be done and then we wouldn't look at it. Yes, Your Honor. And I think that goes into LaChase in this case, creating the predicament we're in. They could have, in the in rem foreclosure action, the Interfab case. They could have originally commenced the third party action. We know from the timeline that that third party action was commenced on June 23rd, 2020. That LaChase acknowledged service in that lawsuit on July 10th, 2020. And then ten days later made the strategic decision. See, if a remand is allowed and not reviewed in order to join something that looks like a necessary party that destroys diversity. Or a necessary party that is in rem. If then it happens that that doesn't come about, the person can remove again. Because then you're right back where you were and you can remove again. And that takes care of those cases. So what we have is a situation in which we don't quite know what the district court did. But it remanded for something that doesn't look as if there was such a necessary party. And so your argument is that that was erroneous. Am I wrong? That is correct, Your Honor. Okay. And what we're left with is we know what the district court's mindset was as expressed in the opinion. Well, I never know what the mindset of a district court- Well, at least that's what we can glean from the record. And the rationale was under a interest of justice analysis. And we know from the timing of when that decision was made, that it was fundamentally impossible to consolidate the remanded Monroe County action with the InterFab lawsuit, because of the different procedural stages of those matters. There was a final scheduling order that had been entered in the InterFab lawsuit. What you want us to do, I take it, is to vacate the remand order and to send it to the district court to decide whether it is appropriate for it to do some reason of abstention, Colorado or whatever. That may or may not be appropriate in this case, but that isn't really up to us to say in the first instance. But the district court could conceivably go on that ground, but not on the ground it did. Am I correct? Well, Your Honor, I certainly think the court can exercise its discretion in doing that. I think at the same time, it could say that the district court's case should be overturned and it removed again. And the court should entertain- You want to proceed with your district court proceeding? Yes, absolutely. Yes, we want the district court to decide our motion to dismiss that was originally- So you want the remand order to be vacated, I guess, right? Yes, that's exactly what we want. We want this court to order the removal from Monroe County back into the district court. All right, but I mean, just to be clear, the district court acknowledged that there was diversity jurisdiction here, right? Yes, there's no dispute that there was no defects in the removal petition. And the district court made clear that 1447E didn't apply here, really, right? Well, I think the court, it did say that. However, it also drew upon the case law analysis of this 1447E rubric of the interest of justice analysis, which the judge explicitly found was within 1447E. And other districts in this court have used 1440E for interest of justice. Well, and it's basically a Colorado River abstention, which is what your adversary sort of concedes in the brief, right? Well, I disagree that that was the analysis. It was not briefed in that format. And that's not what the district court said. No, it did not. The decision is, and the record is clear, that this court relied on Mensa V World Truck Corporation, the Nyjah Fernandez, and the Reyes case, which none of those cases discuss the abstention doctrine. They simply rely on an interest of justice, that it would be more advantageous to allow- For a judicial efficiency. Yes. When you say interest of justice, you really mean judicial efficiency. Yes, your honor. The judicial efficiency is nowhere in 1447, right? It is not, your honor. And that's why we submit this court should make a clear, bright line rule that judicial deficiency, interest of justice, whatever the analysis is, is that the district courts cannot utilize that argument in that rubric under 1447. So a number of district courts have actually adopted this Mensa approach. You agree with that, right? There are three cases that the district court relied upon for that interest of justice argument under 1447. One of them was decided by somebody who's now a member of our court, but that's neither here nor there. But you say that Quokkenbush made very clear that this was not appropriate. Yes, that the court does have jurisdiction. Well, we have jurisdiction is one thing, but there's also language in Quokkenbush which says you don't remand just where you should be deciding at Colorado River and other types of abstention. Yes, and there's other district courts. For example, in the Kurtz v. Uber case in Southern District in New York, that case as well, the district court questioned whether this rubric can be entertained. Ultimately, it didn't make a decision under 1447E addressing that specific issue. But like this case, we suggest, made the decision to remand because those interest of justice arguments weren't persuasive. And I submit, if the court doesn't reach the 1447E bright line rule, then it should remove the case back to the Western District. Because fundamentally, it was speculative for the court to decide that this case could be consolidated. New York case law, I submit, was such that it was impossible for this case to be remanded, excuse me, to be consolidated with the NRFAB because of different procedural stages. And what's the status right now with that suit, the state court suit? The state court, unfortunately, I don't have an exact knowledge. The client I represented in that action, USA, has filed bankruptcy. Because of that, it has been stayed. There was an order entered that bifurcated that to allow the remaining actions to go forward while a bankruptcy is proceeding. But it's my understanding that there's, and this is just from a conversation with counsel before this proceeding, that there's some talk about ultimately an arbitration and then getting it ready for trial, filing the note of issue deadline. Thank you very much. You have not reserved any time for rebuttal. So I thank you for that. We'll hear from Mr. Peartree. Good morning, your honors. Excuse me. May it please the court, Kevin Peartree with Ernstrom and Dresty, representing Apelli, LaChase Construction Services, LLC. Listening to the argument, the court has been focusing, at least initially, on the question of whether this, the court should even be hearing or reviewing this decision in order for remand. And I believe our position is, and what we've articulated, is that it should not be that the bar that's present under 28 USC 147D should apply as well to this decision by Judge Wilford below. Admittedly, this case, as Judge Wilford recognized, doesn't fit squarely on the face of 1447E. What was the procedural defect that Judge Wilford identified in remanding? What was the procedural defect, the asserted procedural defect, that Judge Wilford identified in connection with the decision to remand? There was no procedural defect in terms of the removal and the presence of diversity. So what was the basis for removing? The basis for removing was essentially following the lead of several decisions. My opposing counsel has already articulated here, Menzo, Reyes, and Nanaji, that recognized a certain amount of discretion that is inherent or implied. We already mentioned Carvel, for example. Under Carvel, what strips us of our appellate review, our ability to review the remand order? Your Honor, I can't speak specifically to Carvel. I know counsel also was referring to the Quackenbush decision. Quackenbush is the Supreme Court, Carvel is our application of it. Yeah, regrettably I can't speak specifically because at this moment I'm not aware of the specifics of the Carvel decision, but these decisions that the lower court relied upon were decisions since at least Quackenbush. Yes, but we don't follow the lower courts. Carvel is our case and Quackenbush is the Supreme Court. We follow our law and we have to follow, for better or worse, the Supreme Court, but that- First and foremost- But in any event, the district courts don't speak to our jurisdiction. They speak to what they decided to do, but we're talking first about whether we have jurisdiction. You said we didn't, and I don't know why you're saying we don't. Well, I base it upon other courts having other circuits, recognizing not this circuit, other circuits have recognized that a remand under 1447E should also enjoy the bar to appellate review. And I'm asking this circuit to adopt that same approach, albeit with a case that didn't fit squarely, at least on the front end. Doesn't it matter what the district court says in connection with remanding under 1447E? That is, there may be reasons why other circuits have said what you suggest. But here we've got a specific statement or justification for the remand. In other words, what your friend described as interest of justice, but really judicial efficiency consolidation justification. I don't know that other circuits have specifically talked about that. No, admittedly, your honor, those other circuits- So we're in another territory. We are in another territory. So tell me why that under 1447E, that justification first strips us of appellate review. And then if you would also get to the merits. Admittedly, we're in different territory. I know that, but I'm asking you to tell me, just very respectfully, why does that make a difference? And then get to the merits. Why does it make a difference with respect to our ability to review this, and then get to the merits? Because I do not think, given what we've been presented with here, that we are far afield from the underlying policy considerations for 1447E, such that I think it's appropriate in these circumstances for the court to extend the application of that bar to this case that was remanded ostensibly, perhaps in the spirit of 1447E, but it's admittedly not squarely on the face of 1447E for judicial resources. But there is a difference if something is sent back because something needs to be done that would destroy jurisdiction. And when that happens, that we are barred from reviewing it, because either jurisdiction is destroyed, or if it doesn't happen, the person can remove again. That's totally different from a situation where the court, whatever language, whatever it says, 1470E or whatever, is sending it back because it thinks it's a good idea. It has nothing to do with destroying our jurisdiction. The reason we don't have jurisdiction to review what destroys our jurisdiction is because if there is no jurisdiction, why should we have jurisdiction to review it, and if there isn't, they can come back anyway. So it's a completely different situation in terms of whether we have jurisdiction or not. Well, Your Honor, I don't know that it's a completely different situation, but the order of things is different than what is, on the face of 1447, articulated. In that if this were consolidated with the state court action, that state court action included an in-rem claim based upon a mechanic's lien enforcement. And that, given case law that's been cited in our brief, by which federal courts would defer to a prior state court proceeding, in which there is an in-rem action that's been commenced. We're stitching things together, admittedly, in a little different order here, but I think- Was there a motion to consolidate? I'm sorry, Your Honor. Was there a motion to consolidate? We did file a motion to consolidate.  We withdrew the motion to consolidate. So there's no pending motion to consolidate at the time? There's not currently a pending motion to consolidate. We- No attempt to join another party, right? No. No. So 1447E doesn't seem to apply in its face, right? Admittedly, that's what Judge Wilford said. And Judge Wilford even went further to say that there's no dispute that there is diversity jurisdiction here, right? Absolutely correct. So, I mean, Quackenbush, I mean, that's why we keep coming back to Quackenbush, which says that a district court's abstention-based remand does not fall within the scope of 1447D's provision for unreviewability. And so, your brief seems to suggest that what Judge Wilford did really was an abstention-based exercise of discretion. That's correct, and I, we've been- So if that's the case then, are you conceding that we then have the authority to review it under Quackenbush? Not conceding it, but, your honor, I recognize that this court may say, look, we don't see it your way, counselor, so we're moving on to the substantion analysis, which is why I- Well, I guess one response could be that Quackenbush is no longer good law in light of amendments to 1447. We've kind of said that about Thernstrom, which is the case on which Quackenbush relies in making that statement, but you don't seem to be arguing that. Well, perhaps we haven't articulated it in our briefs, but certainly there have been revisions to 1447E that would alter the applicability of Quackenbush in a black-letter law way, but- Can I ask you a different question? Sure. I know time is tight, but are you conceding that what the district court did here was an abstention-based remand? That's the argument we are making, yes. I mean, essentially, they took a look at a prior pending state court action, and in consideration of the appropriate use of judicial resources, and recognizing what was already in the contract that was bonded by Argonaut Insurance Company as a surety, and its acceptance of, its principal's acceptance, and therefore, by extension- Suppose, then, we all agree that that is what is going on. And suppose that we don't disagree with you, we all don't agree with you, about our not having jurisdiction, so that we can look at it. Are you asking us, then, to decide whether the ground for abstention was correct, or that we should send it back to the district court, vacate its remand, and say, now you can do a genuine Colorado River, or Banana River, or something river view of whether abstention should be- The famous Banana River case. Your Honor, we would be asking this court to affirm the lower court's decision, recognizing inherent in it, if not expressly stated, was an abstention doctrine. Our argument under Colorado River. So, you're saying that what we should do is, whatever they did, they should have abstained under Colorado River, but then they don't vacate. They don't remand. I mean, you stay, you stay. So, are you asking us to order the district court to stay it under Colorado River, because that's what basically it did, and we think, well, they did it wrong. Is that what you're saying? If I follow you correctly, Your Honor, which maybe I don't, I think you think that is what we're asking. This is the lower- That's what you're asking now, with the benefit of that question. You're asking to go back and be permitted to make an argument for abstention. Yeah. But in this circuit, you'd have to concede, I think, Mr. Paratree, that abstention's a tall order. Niagara Mohawk and other cases from this circuit, in contrast to others, says you've got to really make your case for abstention. You think Judge Wolford did that here? That's, Your Honor, that's difficult to say. Yeah, I understand it is a tall order for abstention, and that was not briefed below in any meaningful way. What I want to know is, assuming that we think it was wrong to remand, should we decide the abstention issue ourselves, or send it back to the district court telling them, that's what you thought you were going on. Now go on what you thought you were going on and discuss it as you should, and then we'll see if you did it right, or should we just tell them, either yes or no, but we'll decide it ourselves. Which is it? Well, clearly, I would like you to decide that- Your way. My way. And that, while she didn't articulate- The other side would like us to decide it clearly the other way. Yes, and while Judge Wolford didn't expressly articulate it, certainly we'd like this court to find that essentially all of the necessary elements are there. Okay, I think we got it. Thank you. Thank you very much. We'll reserve the decision that concludes today's argument calendar. I'll ask the courtroom deputy to adjourn court. Thank you. Thank you. Court is adjourned.